# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2978
_____

United States of America

*Plaintiff - Appellee*

v.

Yevgeniy Dudko

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: April 16, 2026
Filed: June 15, 2026
[Unpublished]
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

On March 13, 2023, the Greene County, Missouri, Sheriff's Office was notified that an adult female had discovered child pornography on Yevgeniy Dudko's cell phone. After a bench trial, the district court[1] found Dudko guilty on

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), and one count of receipt and distribution of child pornography, 18 U.S.C. § 2252(a)(2) and (b)(1). The district court sentenced Dudko to consecutive 300-month sentences on the two sexual exploitation of a minor convictions, and a concurrent 120-month sentence on the conviction for receipt and distribution of child pornography, for a total sentence of 600 months' imprisonment. Dudko appeals, claiming there was insufficient evidence to support one of his convictions—receipt and distribution of child pornography—and his sentences should be vacated under the sentencing package doctrine. We affirm.

Prior to trial, Dudko stipulated that the images and videos recovered from his cell phone depicted "minors less than 18 years of age engaged in sexually explicit conduct" and that the images had been transported in interstate commerce. At trial, the prosecutor introduced eleven exhibits, including two stipulations of fact signed by Dudko, a thumb drive containing the full forensic extraction of Dudko's phone, and six example images of child pornography recovered from Dudko's phone. Dudko introduced a certificate of translation of the parties' factual stipulations but did not offer any other evidence or call any witnesses. Defense counsel's closing argument was brief, stating: "Your Honor, we do understand and have stipulated to the evidence in this case and our reasons for doing so will be explained at a later date." The district court followed up by asking Dudko to confirm that he signed the stipulation of facts. Dudko responded: "Yes, I did sign it." Based on the stipulated facts and the other exhibits received at trial, the court issued a written decision finding Dudko guilty on all three counts.

On appeal, Dudko challenges only the receipt and distribution of child pornography conviction, contending the factual stipulations and the two images relied on by the prosecutor do not establish lascivious conduct.[2] Ordinarily, "[w]e review the sufficiency of the evidence *de novo*, viewing evidence in the light most

---

[2]Dudko does not challenge his other two convictions or the substantive reasonableness of his sentences.

favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Golden, 44 F.4th 1129, 1132 (8th Cir. 2022). But, where a defendant does not move for a judgment of acquittal, we review his sufficiency of the evidence claim for plain error. United States v. Calhoun, 721 F.3d 596, 600 (8th Cir. 2013). To demonstrate plain error, Dudko must show an error that was plain, which affected his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Federal law defines "child pornography" as "any visual depiction . . . of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). A depiction of a minor that includes the "lascivious exhibition of the anus, genitals, or pubic area" constitutes "sexually explicit conduct." Id. § 2256(2)(A)(v). While Dudko argues that the two exemplar images introduced by the prosecutor depict mere nudity and are insufficient as a matter of law, the fact that minor children "were not acting in an obviously sexual manner . . . does not necessarily indicate that the [images] themselves were not or were not intended to be lascivious." United States v. Johnson, 639 F.3d 433, 440 (8th Cir. 2011). The two images at issue appear to be screenshots from a video call taken at precisely the moment when the minors are positioned in a way that reveals their genitals. Given this context, a rational factfinder could conclude that Dudko captured the images at a moment that appealed to his sexual desires. See id. (noting that "even images of children acting innocently can be considered lascivious if they are intended to be sexual"). Moreover, these two images are not the only images in the record. The record also includes a thumb drive containing over a thousand pictures and videos containing child pornography that law enforcement extracted from Dudko's cell phone.

On this record, we can find no error—plain or otherwise. Because there is sufficient evidence in the record to sustain Dudko's conviction for receipt and distribution of child pornography, we need not reach his argument that his sentences should be vacated under the sentencing package doctrine. We note, however, that vacatur of the challenged conviction would not affect Dudko's imprisonment term,

as the district court ordered the 120-month sentence on this conviction to run concurrently with the other two uncontested convictions for which the district court imposed consecutive imprisonment terms of 300 months.

The judgment of the district court is affirmed.

_____